# MATTER OF ULUOCHA

In Bond Proceedings Pursuant To 8 C.F.R. § 242.2(d)

A-26422976

*Decided by Board November 15, 1989*

(1) The bond regulations (8 C.F.R. §§ 3.18(a) and 242.2(d) (1989)), which establish unique and informal proceedings, do not specifically address motions to reopen and do not expressly limit a detained alien to one application for modification of the amount or terms of a bond.

(2) Immigration judges can further consider requests to modify bonds by detained aliens without a formal motion to reopen under 8 C.F.R. § 242.22 (1989).

(3) Further requests to modify bonds should be considered on the merits and if there are no changed circumstances shown, the immigration judge can decline to change the prior bond decision. *Matter of Chew*, 18 I&N Dec. 262 (BIA 1982), followed.

ON BEHALF OF RESPONDENT:
John P. Navarre, Esquire
P.O. Drawer C-R
Oakdale, Louisiana 71463

ON BEHALF OF SERVICE:
Nora Kathryn Duncan
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision rendered March 31, 1989, an immigration judge granted the respondent's request, through counsel, for a change in custody status and ordered that the respondent be released from custody under bond of $10,000. No appeal was taken from that decision. On April 19, 1989, the respondent filed a motion to reopen bond proceedings. In a decision dated April 24, 1989, the immigration judge denied the respondent's motion. The respondent has appealed from that decision. For the reasons discussed below, the record will be returned to the Office of the Immigration Judge without further action.

The respondent is a married male alien, a native and citizen of Nigeria. In the Order to Show Cause and Notice of Hearing (Form I-221), the Immigration and Naturalization Service charged the respondent with deportability for having been convicted of a crime involving moral turpitude (theft and receipt of stolen mail) committed within 5 years after entry and sentenced to confinement therefor in a prison or

133

corrective institution for a year or more. In the Notification to Alien of Conditions of Release or Detention (Form I-286), the officer in charge set bond at $15,000.

In the respondent's motion to reopen, he asked for the bond to be reduced to $5,000. He stated that his wife has to take care of her sick mother as well as her 17-year-old brother. The respondent stated that he wants to receive his college degree from the University of Houston this year and make arrangements for his family in the event he is deported.

The immigration judge denied the respondent's motion to reopen on the ground that he had failed to persuade the immigration judge that the motion should be granted in the exercise of discretion.

On appeal, the respondent contends that because of his strong ties with his family and school there is no reason to keep his bond at $10,000 and it should be lowered to $5,000, which is a substantial and reasonable bond.

Bond proceedings before immigration judges are governed by 8 C.F.R. §§ 3.18(a) and 242.2(d) (1989). Immigration judges can further consider requests to modify bonds by detained aliens without a formal motion to reopen under 8 C.F.R. § 242.22 (1989). The bond regulations, which establish unique and informal proceedings, do not specifically address motions to reopen and do not expressly limit a detained alien to one application for modification of the amount or terms of a bond.

In *Matter of Chew*, 18 I&N Dec. 262, 263 (BIA 1982), we noted that the bond regulations give a detained alien the right to apply to an immigration judge for modification of the conditions of his release *at any time* after an initial custody determination has been made by the district director and before an order of deportation becomes administratively final.[1] *See* 8 C.F.R. § 242.2(d) (1989). *Matter of Chew* suggests that a respondent is not limited to only one bond reduction request. Bond proceedings are not really "closed" so long as a respondent is subject to a bond. If there are no changed circumstances shown, the immigration judge can decline to change the prior bond decision. *See id.* at 263 n.2. However, such requests should be considered on the merits and not denied for failure to satisfy the technical requirements of 8 C.F.R. § 242.22 (1989) regarding motions to reopen.

If the present respondent were still in custody, we would remand

---

[1] If an alien has been released from custody, however, he must apply to the immigration judge for modification of the conditions of his release within 7 days from the date of release; thereafter, his application can only be considered by the district director. *See* 8 C.F.R. § 242.2(d) (1989).

this case to provide the immigration judge the opportunity to address the bond reduction request on the merits. However, the respondent was released from custody after a $10,000 bond was posted on May 24, 1989. Thus, under 8 C.F.R. § 242.2(d) (1989), the respondent may now only apply to the district director for a reduction in bond.

Accordingly, the following order will be entered.

ORDER: ˙ The record is returned to the Office of the Immigration Judge without further action.